IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS T. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-224-RAW-GLJ |
| | ) |
| DURA-LINE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on competing motions for dismissal. Defendant Dura-Line Corporation seeks dismissal *with prejudice* pursuant to Fed. R. Civ. P. 41(b), as well as sanctions under Rule 37(b), for Plaintiff's repeated failures to meet discovery obligations. Plaintiff Thomas Davis seeks dismissal *without prejudice* pursuant to Rules 21, 37, and 41 as an alternative, and preferable, sanction. The Court has referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636 (b) and Fed. R. Civ. P. 72 [Docket No. 18]. For the reasons set forth below, the undersigned Magistrate Judge finds that Plaintiff's Opposed Motion to Dismiss Without Prejudice [Docket No. 33], should be GRANTED, and that the case should be dismissed without prejudice. Furthermore, the undersigned Magistrate Judge recommends that Defendant Dura-Line Corporation's Motion for Sanctions Pursuant to Rule 37(b) and Rule 41(b) [Docket No. 29] be DENIED IN PART, only to the extent Defendant requests dismissal with prejudice. The Motion for

Sanctions [Docket No. 29] is GRANTED IN PART by contemporaneous order [Docket No. 36] as to attorney's fees and costs.

## PROCEDURAL HISTORY

Plaintiff filed this case in Oklahoma state court in Pittsburg County, Case No. 22-CJ-86, on May 6, 2022.  Defendant removed the case to this Court on August 11, 2022.  Docket Nos. 1-2.  The Court referred the case to the undersigned Magistrate Judge on February 3, 2022, and the undersigned Magistrate Judge entered a Scheduling Order on the same day.  Docket Nos. 18-19.  On May 18, 2023, Defendant filed an "Opposed" Motion to Compel Discovery responses, asserting Plaintiff failed to respond at all to Defendant's Interrogatories and Requests for Production of Documents, issued on March 23, 2023.  Docket No. 21.  Plaintiff never responded to the motion, and on June 5, 2023, the undersigned Magistrate Judge granted the Motion to Compel and directed Plaintiff to provide all responses and produce all documents within seven days, or by June 12, 2023.  Docket No. 22.  On June 22, Defendant filed a Motion to extend the deadlines in this case, noting Plaintiff had not attempted compliance with the Order of responses and production until June 13, 2023, and that he still had not provided full and complete discovery responses at that time.  Docket No. 23.  At a telephonic conference on the motion, Plaintiff's counsel, Brendan McHugh, represented that he would provide outstanding discovery forthwith, and he was instructed to comply with his discovery obligations.  The undersigned Magistrate Judge further instructed all parties to bring discovery disputes promptly.  Docket Nos. 25-26.  The undersigned Magistrate Judge granted the motion for extension in part and issued an Amended Scheduling Order on June 29, 2023.

On July 14, 2023, Defendant filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b) and 41(b) [Docket No. 29]. In it, Defendant details Plaintiff's continued failure to comply with discovery obligations, outlining failures in responses to interrogatories as well as failures of production, including fully executed tax forms and authorizations that Plaintiff previously agreed to provide. Citing Rule 37, Defendant notes that appropriate sanctions include dismissal as well as payment of applicable attorney's fees, and requests dismissal with prejudice pursuant to Rule 41(b). *See* Docket No. 29. Plaintiff filed an untimely motion for extension of time to respond to the motion, which the undersigned Magistrate Judge nevertheless granted. Docket Nos. 30-31. Plaintiff ultimately responded to the motion for sanctions, asserting that dismissal with prejudice is not warranted and that lesser, albeit unidentified, sanctions are available. In his response, Plaintiff's counsel Brendan McHugh fails to acknowledge or account for his repeated failures to comply with either his discovery obligations or this Court's Orders, asserting Plaintiff had provided documents within his possession, custody, or control and that Defendant disputes some responses, but that "Plaintiff stands ready to answer any responses deemed insufficient by this Court." Docket No. 32. The undersigned Magistrate Judge ruled on this motion, contemporaneously filed with this Report and Recommendation, finding Defendant is entitled to relevant fees and costs associated with obtaining discovery responses in this case as outlined in the Order. *See* Docket No. 36. The undersigned Magistrate held in abeyance Defendant's request for dismissal with prejudice in that same motion, to be addressed here alongside Plaintiff's Opposed Motion to Dismiss this case without prejudice. Plaintiff states in his Motion to Dismiss that dismissal without prejudice will nevertheless bar his

Title VII claim (but not his 42 U.S.C. § 1981 claim) under the relevant statute of limitations and that a sanction less than dismissal with prejudice is appropriate here. *See* Docket No. 33.

## ANALYSIS

The parties agree that this case should be dismissed; the question is whether dismissal should be with or without prejudice. For the reasons set forth below, the undersigned Magistrate Judge recommends this action be dismissed *without* prejudice. "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). Under Tenth Circuit case law, the type and severity of any sanction imposed is in direct proportion to the nature of the conduct being sanctioned and "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (*citing Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir. 1988) (*overruled on other grounds*); *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872-873 (10th Cir. 1987); *In re Standard Metals Corp.,* 817 F.2d 625, 628-629 (10th Cir. 1987)).

The Tenth Circuit sets out a number of factors to consider before choosing dismissal with prejudice, although they do not represent a "rigid test": "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process[;] (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations

omitted). "By contrast, a district court need not follow 'any particular procedures' when dismissing an action without prejudice under Rule 41(b). Only a dismissal with prejudice triggers the *Ehrenhaus* criteria because it is 'a significantly harsher remedy-the death penalty of pleading punishments.'" *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1143 n.10 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1160 (10th Cir. 2007)). Accordingly, "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quotation omitted).

When considering the above five factors, the undersigned Magistrate Judge is unpersuaded that Plaintiff's actions in this case merit a dismissal with prejudice. In particular, the undersigned Magistrate Judge points to the fourth and fifth *Ehrenhaus* factors (warning of dismissal as a likely sanction and the efficacy of lesser sanctions) as reasons for declining to recommend dismissal with prejudice. While the undersigned Magistrate Judge admonished Plaintiff's counsel to comply with deadlines and instructed the parties to promptly raise discovery disputes, there is no record that the undersigned Magistrate Judge provided either actual or constructive notice that dismissal with prejudice was a likely forthcoming sanction. Furthermore, the undersigned Magistrate Judge awarded Defendant attorney's fees and costs, assessed against Plaintiff's counsel, as a sanction for discovery delays and violations, and dismissal without prejudice will nevertheless result in the Plaintiff being barred from re-asserting his Title VII claim while allowing him to reinitiate his 42 U.S.C. § 1981 claim. These factors simply do not militate in favor of dismissal with prejudice, and the undersigned Magistrate Judge therefore

recommends dismissal without prejudice. *See Fielding v. Amazon.com, Inc.*, 2020 WL 109592, at *3 (D. Utah Jan. 9, 2020) (finding dismissal *without* prejudice "more fitting" for two reasons: "[f]irst, the court is wary of simply turning a blind eye when a party continues to miss deadlines and fails to meaningfully participate in the discovery process for nearly a year. If the court were to merely disregard such conduct, other litigants may be tempted to act in a similar manner without fear of any consequences. Indeed, without instituting any form of sanctions, there would be little to no deterrent for such conduct. Second, granting Amazon's motion without prejudice strikes the proper balance of deterring similar conduct without ultimately precluding Fielding from raising and litigating her claims if she so desires.").

In sum, the undersigned Magistrate Judge recommends that Plaintiff's Opposed Motion to Dismiss be granted, and that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Barnes v. United States District Court*, 815 Fed. Appx. 295, 296-297 (10th Cir. 2020) (affirming district court's dismissal of Complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders). The undersigned Magistrate Judge further recommends that the dismissal without prejudice be subject to the following conditions on refiling:

1. Plaintiff shall provide written discovery responses and requested documents for production, without objection, to the discovery already served within ten days of refiling the case;

2. Plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case; and

3. Should Plaintiff refile this case and fail to meet the above conditions, the Court should, upon motion by Defendant, convert this dismissal into a dismissal with prejudice.

See *Kincaid*, 2007 WL 2815970, at *6-7.

## CONCLUSION

The undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Opposed Motion to Dismiss Without Prejudice [Docket No. 33] should be GRANTED and the case dismissed without prejudice, subject to the aforementioned conditions on refiling. Furthermore, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Dura-Line Corporation's Motion for Sanctions Pursuant to Rule 37(b) and Rule 41(b) [Docket No. 29] be DENIED IN PART, only to the extent Defendant requests dismissal *with* prejudice. The Motion for Sanctions [Docket No. 29] is GRANTED IN PART by contemporaneous order [Docket No. 36] as to attorney's fees and costs. *See* 28 U.S.C. § 636(b). Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 16th day of August, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**