IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS T. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-224-RAW-GLJ |
| | ) |
| DURA-LINE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court as the result of a discovery dispute between the parties, which eventually resulted in this Court granting a Motion to Compel by Defendant and granting in part a Motion for Sanctions by Defendant. *See* Docket Nos. 22, 36. Defendant is now requesting attorneys' fees based on the Order granting its Motion for Sanctions. The Court referred the case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 18]. For the reasons set forth below, the Court finds that Defendant Dura-Line Corporation's Application for Attorneys' Fees [Docket No. 38] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND/PROCEDURAL HISTORY

Plaintiff filed this case in Oklahoma state court in Pittsburg County, Case No. 22-CJ-86, on May 6, 2022. Defendant removed the case to this Court on August 11, 2022, based on federal question and diversity jurisdiction. The Court referred the case to the undersigned Magistrate Judge on February 3, 2023, and the undersigned Magistrate Judge

entered a Scheduling Order on the same day.  Docket Nos. 18-19.  On May 18, 2023, Defendant filed an "Opposed" Motion to Compel Discovery responses, asserting Plaintiff failed to respond at all to Defendant's Interrogatories and Requests for Production of Documents, issued on March 23, 2023.  Docket No. 21.  Plaintiff never responded to the motion, and on June 5, 2023, the undersigned Magistrate Judge granted the Motion to Compel and directed Plaintiff to provide all responses and produce all documents within seven days, or by June 12, 2023.  Docket No. 22.  On June 22, Defendant filed a Motion to extend the scheduling order deadlines in this case, noting Plaintiff had not attempted compliance with the Order of responses and production until June 13, 2023, and that he still had not provided full and complete discovery responses at that time.  Docket No. 23.  At a telephonic conference on the motion, Plaintiff's counsel, Brendan McHugh, represented that he would provide outstanding discovery forthwith, and he was instructed to comply with his discovery obligations.  The undersigned Magistrate Judge further instructed all parties to bring discovery disputes promptly.  Docket Nos. 25-26.  The undersigned Magistrate Judge granted the motion for extension in part and issued an Amended Scheduling Order on June 29, 2023.

On July 14, 2023, Defendant filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b) and 41(b) [Docket No. 29].  In it, Defendant details Plaintiff's continued failure to comply with discovery obligations, outlining failures in responses to interrogatories as well as failures of production, including fully executed tax forms and authorizations that Plaintiff previously agreed to provide.  Citing Rule 37, Defendant notes that appropriate sanctions include dismissal as well as payment of applicable attorney's fees, and requested

dismissal with prejudice pursuant to Rule 41(b). *See* Docket No. 29. Plaintiff filed an untimely motion for extension of time to respond to the motion, which the undersigned Magistrate Judge nevertheless granted. Docket Nos. 30-31. Plaintiff ultimately responded to the motion for sanctions, asserting that dismissal with prejudice is not warranted and that lesser, albeit unidentified, sanctions are available. In his response, Plaintiff's counsel fails to acknowledge or account for his repeated failures to comply with either his discovery obligations or this Court's Orders, asserting Plaintiff had provided documents within his possession, custody, or control and that Defendant disputes some responses, but that "Plaintiff stands ready to answer any responses deemed insufficient by this Court." Docket No. 32. The Court then granted Defendant's motion for sanctions in part, to the extent Plaintiff's Counsel Brendan McHugh was directed to reimburse Defendant for all attorney fees and costs related to the Motion to Compel and Motion for Sanctions [Docket No. 36]. The undersigned Magistrate Judge has further recommended that this case be dismissed without prejudice [Docket No. 37]. Defendant has now filed an application for those fees, and Plaintiff's Counsel again failed to respond. As a response time has once again expired without a response from Plaintiff, the Court makes the following findings.

## ANALYSIS

Entitlement to Fees. Fed. R. Civ. P. 37(b)(2)(A), in relevant part, states, "If a party . . . fails to obey an order to provide or permit discovery[,] the court where the action is pending may issue further just orders, [including:] (v) dismissing the action or proceeding in whole or in part." Under Rule 37(b)(2)(C), "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both

to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Furthermore, "[i]t is the trial court's duty, within the spirit of its total powers . . . to impose sanctions and compensating awards of expenses, including attorney's fees, in a manner designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *Matter of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984).  This Court previously found, *see* Docket No. 36, that fees and costs should be assessed against Mr. McHugh rather than Plaintiff himself.  In light of Defendant's motion for fees, the Court's role is to determine a reasonable fee in light of the relevant litigation.

The starting point for a reasonable fee is the "lodestar" figure, which is "the number of hours expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).  *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D.N.M. 2011) (discussing factors supporting a lodestar award).  In making these determinations, the Court may refer to affidavits, briefs, and depositions. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007) (citing *National Association of Concerned*

*Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) and *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005)). Furthermore, the Court is entitled to rely on its own knowledge and experience in determining an appropriate number of hours for the relief requested. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.")); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").

Defendant seeks a total of **$6,827.50** in attorneys' fees for **27.2** hours of work, distributed as follows:

| Counsel | Total Hours | Rate | Compensation |
|---|---|---|---|
| Mr. Jonathan G. Rector | 0.5 | $305 per hour | $152.50 |
| Ms. Jessica L. Craft | 9.6 | $250 per hour | $2,400.00 |
| Ms. Renee Schuldt | 17.1 | $250 per hour | $4,275.00 |

Plaintiff does not challenge these rates, but the Court addresses each in turn as part of its duty to assess a reasonable fee. *See Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and

hourly rates.'") (quoting *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1201 (10th Cir. 1986) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)).

**Hourly Rate**. Defendant claims its attorneys expended 27.2 hours of work on the relevant motions in this case, at rates ranging from $250/hour to $305/hour, as set forth above. In light of Plaintiff's lack of objection and the Court's knowledge of customary hourly rates in Tulsa, Oklahoma, *see Chatman v. Buller*, 2013 WL 5729603, at *2 n.3 (E.D. Okla. (finding Tulsa, Oklahoma part of the "relevant area for purposes of determining a reasonable rate," due to its proximity to the Eastern District of Oklahoma and the number of Tulsa-based attorneys who practice in this Court), as well as knowledge of the local practice in general, the Court has no trouble concluding that $305/hour for Mr. Rector and $250/hour for Ms. Craft and Ms. Schuldt are reasonable hourly rates for the attorneys in this case. *See Jones*, 478 F.Supp.2d at 1326 (noting that "the Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").

**Hours Billed**. Turning to the number of hours in the billing record, Plaintiff's attorneys seek a collective 27.2 billing hours for this discovery dispute. As discussed more fully below, the Court finds that a limited reduction of the hours billed is appropriate as to Ms. Craft and Ms. Schuldt, but not as to Mr. Rector.

*Mr. Rector*. Billing records reflect that Mr. Rector spent .5 hours reviewing and editing the Motion to Compel and Motion for Sanctions. The Court does not find the time billed for this work by Mr. Rector to be excessive, although Defendant should exercise caution in submitting imprecise billing records lacking dates and failing to distinguish

times, discussed more fully below. Accordingly, the Court finds Mr. Rector's billing entry reasonable and that he should be compensated for his time, at the aforementioned rate of $305/hour.

*Ms. Craft and Ms. Schuldt.* Defendant bears the burden of "prov[ing] and establish[ing] the reasonableness of each dollar, each hour, above zero." *Mares*, 801 F.2d at 1210. The reasonableness component as to billing judgment requires the Court to consider "'whether the attorney's hours were necessary under the circumstances' and 'approaches this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Read v. Oklahoma Flintrock Prod., LLP*, 2023 WL 3510494, at *3 (N.D. Okla. May 17, 2023) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (cleaned up)). On this basis, the Court finds some reductions are necessary as to the hours expended in this case due to block billing concerns and excessive hours.

The entirety of Defendant's Billing Record is a "Summary of Fees Related to Dura-Line's Motion to Compel (Dkt. No. 21] and Motion for Sanctions [Dkt. No. 29]," as follows:

| Attorney Name | Hours | Fees | Summary |
|---|---|---|---|
| Jessica L. Craft | 9.6 | $2,400.00 | Drafted Motion to Compel, including research into supporting case law; Edited and reviewed Motion for Sanctions and Reply in support of; Communicated with Opposing Counsel per local rules on conference. |

| Renee S. Schuldt | 17.1 | $4,275.00 | Drafted Motion for Sanctions and Reply, including extensive research into supporting case law. |
|---|---|---|---|
| Jonathan Rector | .5 | $152.50 | Reviewed and edited Motions. |
| Total | 27.2 | $6,827.50 | |

Docket No. 38, Ex. 1, p. 4. This appears to be classic "block billing," and fails to contain even relevant dates for the work performed. *See Barbosa v. Nat'l Beef Packing Co., LLC*, 2015 WL 4920292, at *9 (D. Kan. Aug. 18, 2015) ("'Block billing' is the practice of lumping multiple tasks into a single entry of time such that the billing entry does not delineate how hours were allotted to specific tasks.") (citing *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214-1215 (10th Cir. 2000). Furthermore, this "summary" provides no insight into the time spent on each task. "[W]here block billing makes it difficult, if not impossible, for the Court to determine the amount of time spent on specific tasks, a general reduction in attorney fees may be warranted." *Oklahoma Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1264 (N.D. Okla. 2004) (citing *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir.1998) ("[A] district court *may* discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'") (emphasis added)); *see also Ross v. Rothstein*, 2016 WL 274878, at *6 (D. Kan. Jan. 22, 2016) ("[T]he Tenth Circuit has determined that a discount of the requested hours is warranted if the records submitted do not allow the Court to determine how counsel allotted the time to specific tasks and the reasonableness of that time.") (citing *Cadena*, 224 F.3d

at 1215 (affirming district court's refusal to reduce a fee request based on counsel's block billing because the billing records submitted allowed the court to determine the time allotted to specific tasks and the reasonableness of the time)). "Block billing does not[, however,] call for disallowing the entire sum, although the Court may reduce the overall amount." *Payne v. Tri-State Careflight, LLC*, 278 F. Supp. 3d 1276, 1298 (D.N.M. 2017). The Court therefore finds a reduction is appropriate due to the block billing submitted by Defendant's counsel in this case. *See, e.g., Barbosa*, 2015 WL 4920292, at *9 (applying a general reduction of 50% to block-billed entries).

As to the time entries themselves, the Court finds that while they are imprecise, they are not impermissibly vague as presented, although it is a close call as the "Summary" contains no dates whatsoever. In reviewing the "Summary," however, the Court finds that 26.2 hours for the five-page Motion to Compel and sixteen-page Motion for Sanctions[1] is excessive and warrants a reduction. *See Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."); *see also Pierce v. Atl. Specialty Ins. Co.*, 2017 WL 3996216, at *4 (D.N.M. Sept. 8, 2017) ("[T]he Court will further reduce Ms. Weisman's remaining 68.9 hours by 25 hours for excessive billing in drafting emails and preparing for conference calls and for administrative tasks.").

---

[1] Each motion contained a significant number of pages for exhibits, but the exhibits consisted of reproductions of correspondence and discovery requests and responses and do not represent additional work performed by counsel. *See* Docket Nos. 21, 29.

In light of the block billing and excessive time billed for tasks, as discussed above, the Court finds a reduction of hours of 50% for Ms. Craft and Ms. Schuldt is appropriate. *See Case*, 157 F.3d at 1250 ("'A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.'"). Ms. Craft may recover for 4.8 hours of work and Ms. Schuldt may recover for 8.55 hours of work, each at $250/hour.

**Summary.** In sum, the Court finds that attorneys' fees and costs should be awarded as set forth below:

| Counsel | Total Hours | Rate | Compensation |
|---|---|---|---|
| Mr. Jonathan Rector | .5 | $305 per hour | $152.50 |
| Ms. Jessica Craft | 4.8 | $250 per hour | $1,200.00 |
| Ms. Renee Schuldt | 8.55 | $250 per hour | $2,137.50 |
| Totals | 13.85 | | $3,490.00 |

Accordingly, Defendant should be awarded reasonable attorneys' fees in the amount of **$3,490.00**, for **13.85** hours of work as outline above, and these fees should be paid directly by Plaintiff's Counsel, Brendan McHugh.

## Conclusion

Defendant Dura-Line Corporation's Application for Attorneys' Fees [Docket No. 38] is GRANTED IN PART, to the extent Defendant is entitled to recover $3,490.00 in attorneys' fees from Plaintiff's counsel pursuant to Fed. R. Civ. P. 37, but otherwise

DENIED. Plaintiff's Counsel Brendan McHugh is hereby ORDERED to pay Defendant $3,490.00 in attorneys' fees.

    IT IS SO ORDERED this 19th day of September, 2023.

                                                  **GERALD L. JACKSON**
                                                  **UNITED STATES MAGISTRATE JUDGE**